Kevin F. McCoy
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
550 W. Seventh Avenue, Suite 1600
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>JIM JUNIOR CALL,<br><br>　　　　　　Defendant. | NO. 3:99-cr-00130-JKS<br><br>**AFFIDAVIT OF COUNSEL** |
| STATE OF ALASKA<br><br>THIRD JUDICIAL DISTRICT | ss: |

　　　　Kevin F. McCoy, being first duly sworn upon oath, deposes and says as follows:

　　　　1.　　I am the attorney for Jim Call.

　　　　2.　　This court sentenced Mr. Call on February 22, 2000, to 18 months imprisonment and a term of supervised release of five years following his guilty pleas to Financial Institution Fraud in violation of 18 U.S.C. § 1344(1) and Identity Theft in violation of 18 U.S.C. § 1028(a)(7).

3. The court required as a condition of supervision that Mr. Call pay $26,396.32 in restitution for his offenses. Interest was not waived on the outstanding restitution obligation.

4. Although Mr. Call had some difficulties early in his period of supervision, he has been steadily paying off his restitution amount in installments of $500.00 per month since May 31, 2005. In addition, he has been surrendering his annual Alaska Permanent Dividend so that it can be applied to his outstanding restitution.

5. As of the date of this affidavit, Mr. Call has paid $14,633.84 towards his restitution. However, because of accruing interest the outstanding balance has only been slightly reduced – to $21,656.09.

6. Title 18 U.S.C. § 3612(f)(1) requires "[t]he defendant [to] pay interest on any . . . restitution of more than $2,500 unless paid in full before the 15th day after the date of judgment."

7. Title 18 U.S.C. § 3612(f)(3)(A) provides for modification of interest by the court and authorizes the court to "waive the requirement of interest" if it determines that the defendant does not have the ability to pay interest.

8. On April 27, 2007, I spoke with Probation Officer Christopher Liedike. Mr. Liedike provided the above referenced restitution and balances figures from Mr. Call's probation file and indicated that it would be in everyone's interest to have interest waived in Mr. Call's case. Mr. Liedike indicated that Mr. Call has been doing well on probation and that since May 31, 2005, he has been making monthly payments of $500.00.

9. The $500.00 is the maximum amount that Mr. Call can contribute on a monthly basis. Mr. Call's financial circumstances are limited and, although he has been paying restitution, the gains he makes are largely offset by the accumulating interest.

10. Accordingly, on behalf of Mr. Call, I ask that the court modify the judgment pursuant to 18 U.S.C. § 3612(f)(3)(A) and waive payment of interest on the restitution order *nunc pro tunc* to February 22, 2000.

11. I have been unable to speak with Assistant U.S. Attorney Joseph Bottini to ascertain the government's position on this request.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

/s/KEVIN F. McCOY

SUBSCRIBED AND SWORN to before me this 8th day of May 2007.

Notary Public in and for Alaska
My Commission Expires: 12/20/2008

Certification:
I certify that on May 8, 2007,
a copy of the *Affidavit of Counsel*
was served electronically on:

Joseph Bottini
Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK 99513-7567

and a copy was hand delivered to:

U.S. Probation & Pretrial Services
222 W. 7th Avenue, #48, Room 168
Anchorage, AK 99513-7562

/s/Kevin F. McCoy

*United States v. Jim Junior Call*
Case No. 3:99-cr-00130-JKS                                                                 Page 3