NELSON P. COHEN
United States Attorney

KAREN L. LOEFFLER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: karen.loeffler@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 3:99-cr-00130-JKS |
| ) | |
| Plaintiff, ) | |
| ) | GOVERNMENT'S OPPOSITION |
| vs. ) | TO MOTION TO |
| ) | RETROACTIVELY WAIVE |
| JIM JUNIOR CALL, ) | INTEREST ON RESTITUTION |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

COMES NOW the United States of America, by and through counsel, and opposes defendant's motion requesting the court to retroactively reduce restitution ordered in the above captioned case to eliminate interest from the date of judgement.

Defendant, relying on 18 U.S.C. §3612(f)(3) requests this court to retroactively change the judgement in this case to eliminate the requirement that defendant pay interest on restitution. The government opposes this motion on two grounds. First, it does not appear that §36129f)(3) authorizes retroactive amendment of the judgement to eliminate restitution years after imposition of sentence. Second, under the statute waiver of interest after judgment is at the discretion of the government and may be done only after payment of the principal.

18 U.S.C. § 3612(f)(3) states, in pertinent part:

If the court determines that the defendant does not have the ability to pay interest under this subsection, the court may —waive the requirement of interest; limit the total of interest payable to a specific dollar amount; or limit the length of the period during which interest accrues.

Section (h) then provides that, " **The Attorney General** may waive all or part of the any interest....if, as determined by the Attorney General, reasonable efforts to collect the interest or penalty are not likely to be effective."

Read together, the statute permits waiver and other limits of interest payments, at the time of sentencing. Post sentencing, the court does appear

empowered to amend the judgement to retroactively eliminate interest without the concurrence of the government. Such action would run afoul of Fed.R.Crim.P. 35 which limits the court's power to alter a judgement after it is imposed.

The U.S. Attorney's Manual directs the government to consider section (h) after defendant has paid all of the principal amount. Assuming defendant continues his present actions in attempting to pay restitution, the government will certainly consider waiving interest if and when all principal has been paid.

For the above reasons, the government requests this court to deny defendant's motion.

RESPECTFULLY SUBMITTED June 20, 2007, in Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

 s/Karen L. Loeffler
Assistant United States Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: karen.loeffler@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on June 20, 2007,
a copy of the foregoing GOVERNMENT'S
OPPOSITION TO MOTION TO RETROACTIVELY
WAIVE INTEREST ON RESTITUTION
was served electronically on Kevin F. McCoy
and a copy left at the front desk of the USAO for
Chris Liedike, U S Probation Office.

s/ Karen L. Loeffler